**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 13-0391-WS-M |
| ) | |
| One Smith & Wesson Model-910, 9 mm- ) | |
| Caliber pistol, serial number VKM7653, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF FORFEITURE**

This civil forfeiture action comes before the Court on the Government's Motion for Final Order and Judgment of Forfeiture (doc. 10).

On July 31, 2013, the Government filed a Verified Complaint for Forfeiture *in Rem*, wherein it sought civil forfeiture of a firearm described as One Smith & Wesson Model-910, 9 mm caliber pistol, serial number VKM7653 (the "Firearm"). The Verified Complaint was brought to enforce 18 U.S.C. § 924(d), which subjects to civil forfeiture all firearms involved in or used in any knowing violation of, *inter alia*, 18 U.S.C. § 922(g). Specifically, the Verified Complaint alleges that the defendant Firearm is subject to forfeiture because it was involved in a knowing violation of 18 U.S.C. § 922(g)(4), which prohibits any person "who has been adjudicated as a mental defective or who has been committed to a mental institution" from possessing in or affecting commerce any firearm or ammunition. In conjunction with filing the Verified Complaint, the Government began and completed the required public notification.

The underlying circumstances animating the Verified Complaint were as follows: An individual named Joseph Adam McIlwain ("McIlwain") had been committed to the custody of the Alabama Department of Mental Health, Bryce Hospital, Tuscaloosa, Alabama on November 7, 2012. As such, pursuant to 18 U.S.C. § 922(g)(4), McIlwain was prohibited from possessing a firearm in or affecting commerce. On April 1, 2013, however, law enforcement officers were notified by Joseph M. "Joey" McIlwain ("Joey McIlwain") that his son (McIlwain) was armed, making death threats, and taking action to facilitate such threats. McIlwain was in possession of

the Firearm on that date, although he eventually relinquished possession of such Firearm to other family members, who turned the loaded Firearm over to responding law enforcement officers. In the wake of this incident, federal criminal proceedings were initiated against McIlwain in this District Court, captioned *United States v. Joseph Adam McIlwain*, Criminal No. 13-0081-KD-N. Ultimately, McIlwain entered a conditional plea of guilty in said criminal action to one count of violating 18 U.S.C. § 922(g)(4), and further admitted in a Factual Resume that he had indeed been committed to the Alabama State Department of Mental Health in November 2012 for treatment of mental illness, and that he had possessed and discharged the Firearm in this judicial district on April 1, 2013.

In addition to prosecuting McIlwain under § 922(g)(4), the Government initiated civil forfeiture proceedings against the Firearm *in rem*. To fulfill notice requirements and pursuant to Supplemental Rule G(4)(b)(iii)(B) and its Advisory Notes, on July 31, 2013, the Government mailed a copy of the Complaint, Notice and Warrant for Arrest to the lawyer who represents McIlwain in the pending related criminal case, such documents being delivered via Certified Mail on August 2, 2013. The Notice specified that McIlwain had 35 days from the date it was sent to file a claim and 21 days thereafter to file motion or answer to contest forfeiture of the Firearm. The Notice also provided specific instructions for filing valid pleadings under Supplemental Rule G(4)(b)(ii)(B) and (C). Thus, McIlwain had a deadline of September 4, 2013 to file a valid claim, and a deadline of September 25, 2013 to file a responsive pleading. To date, McIlwain has filed no claim, no motion and no answer.[1]

Also on July 31, 2013, the Government separately transmitted a copy of the Complaint, Notice and Warrant for Arrest to Joey McIlwain (who, again, is McIlwain's father), at 106 Lake Lane, Pennington, Alabama 36916. Delivery was completed on August 5, 2013. The Notice sent to Joey McIlwain furnished him with the same specific filing instructions that the Notice sent to McIlwain did. The court file reflects that Joey McIlwain, proceeding without counsel, filed a short statement of claim on September 5, 2013. In that document, Joey McIlwain stated that he had owned the Firearm since May 5, 2003, and attached what purported to be a bill of

---

[1] Additionally, the Court observes that in his Conditional Plea Agreement in the criminal action, McIlwain expressly "agrees to confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities." (Crim. No. 13-0081-KD-N, doc. 48, ¶ 19.)

sale for said Firearm dated May 6, 2013 (with the explanation that he had lost or misplaced the original bill of sale). Other than a duplicate copy of the claim, Joey McIlwain has filed nothing further. (*See* docs. 6 & 7.) The purported claim filed by Joey McIlwain suffered from a technical defect, inasmuch as he did not sign it under penalty of perjury as required by Supplemental Rule G(5)(a)(i)(C).

Even if Joey McIlwain's claim were technically valid, he was obliged to do more if he wished to pursue such a claim in these forfeiture proceedings. Indeed, "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Supplemental Rule G(5)(b), Fed.R.Civ.P. Joey McIlwain did not file an answer or Rule 12 motion within 21 days after that September 5 notice of claim. In deference to claimant's *pro se* status, the undersigned entered an Order (doc. 8) on October 23, 2013, specifically directing as follows: "If [Joey] McIlwain wishes to pursue his claim, he is **ordered** to file an answer or a Rule 12 motion by no later than **November 6, 2013**, failing which the Court will entertain any motion for final judgment of forfeiture that the Government may thereafter file." (Doc. 8, at 2.) The Clerk's Office mailed a copy of the October 23 Order to Joey McIlwain at his address of record; however, he did not respond, much less file a responsive pleading, and his extended deadline for doing so has long since expired.

In sum, no valid claim or answer has been filed by Joey McIlwain, McIlwain, or any other claimant, despite proper notice by the Government and (in Joey McIlwain's case) specific judicial directives and enlarged deadlines. All such deadlines have expired. Accordingly, entry of an Order and Judgment of Forfeiture is appropriate at this time.

On November 7, 2013, in accordance with Supplemental Rule G(3)(b) and (c), the U.S. Marshal's Service executed the Warrant for Arrest issued by the Clerk of Court, thereby arresting the defendant Firearm. (*See* doc. 9.) As a result, the defendant Firearm is within the *in rem* jurisdiction of this Court, enabling it to enter orders regarding its disposition.[2]

---

[2] *See, e.g., United States v. All Funds Distributed to Weiss*, 345 F.3d 49, 55 n.7 & 56 n.8 (2nd Cir. 2003) (seizure or constructive control of property is necessary for the exercise of *in rem* jurisdiction); *Ventura Packers, Inc. v. F/V Kathleen*, 424 F.3d 852, 853 (9th Cir. 2005) (*in rem* jurisdiction is obtained by serving an arrest warrant *in rem*); *United States v. One Lear Jet*, 836 F.2d 1571, 1573 (11th Cir. 1983) ("The general rule of *in rem* jurisdiction is that the court's power derives entirely from its control over the defendant *res*."); *Wong Shing v. M/V Mardina* (Continued)

With no valid claims, motions or answers having been filed in opposition to the forfeiture of said defendant, despite proper notice, and there being no remaining issues, final disposition of this action is proper at this time.

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is **ORDERED, ADJUDGED and DECREED** as follows:

1. This Court has jurisdiction over the subject matter and the defendant Firearm, and the Complaint states a claim upon which relief may be granted;
2. The Government's Motion for Final Order and Judgment of Forfeiture (doc. 10) is **granted** for good cause shown;
3. In accordance with the Verified Complaint, the defendant, One Smith & Wesson Model-910, 9 mm caliber pistol, serial number VKM7653, which was seized by the ATF, is ordered to be **forfeited** to plaintiff, the United States of America, pursuant to 18 U.S.C. § 924(d)(1), for disposition according to law;
4. A separate Judgment will be entered; and
5. This Order and the accompanying Judgment resolving all matters and issues joined in this action, the Clerk of Court is directed to close this file for administrative and statistical purposes.

DONE and ORDERED this 18th day of November, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

*Trader*, 564 F.2d 1183, 1186 (5th Cir. 1977) (arrest or seizure of property gives court *in rem* jurisdiction).